ALBANY,
February, 1809.

M'Leod
v.
Johnston.

M'LEOD *against* JOHNSTON.

D. and M. being indebted to C. he attached money in the hands of B. in *New-Orleans*, belonging to M. In an action brought by C. against B. for the money so attached, and held by him to answer to C. it was held, that D. was a competent witness for the plaintiff; for though the recovery of the plaintiff would so far go in discharge of the debt due by the witness, yet he would be liable over for the same amount to M. so that his interest was balanced between the parties. Whether M. is a competent witness for the plaintiff? *Quere.*

THIS was an action of *assumpsit.* The cause was tried before Mr. Justice *Van Ness*, at the sittings in *New-York*, on the 10th June, 1808.

At the trial, *William Donaldson* and *James Main* were produced as witnesses on the part of the plaintiff, and were objected to by the defendant as interested, but were admitted by the judge. From their testimony the following facts appeared. *Donaldson* and *Main* were indebted, as joint indorsers of a bill of exchange on *Glasgow*, to the plaintiff, which bill had been protested, and amounted, with the damages, to 2,789 dollars and 83 cents. Part of the amount was paid, and to secure the residue, the plaintiff gave a power of attorney to the defendant, to attach certain monies in the hands of the defendant and one *Burk*, who resided at *New-Orleans*, and were partners under the firm of *Johnston* and *Burk*, belonging to *Main*, and which had been recovered by them on an attachment, issued in 1805, in favour of *Main* against one *M'Cullock.* In *January*, 1806, *Johnston* was at *New-York*, and told *Main* that he had not yet collected all the money on the attachment against *M'Cullock*, but that he would have the whole soon, and that *Main* might draw on him for the amount at *New-Orleans;* and suggested that the plaintiff might attach it in his hands, for the balance due to him from *Donaldson* and *Main*, on the bill of exchange ; to which *Main* replied, that the debt was justly due to the plaintiff, and if he attached the money in the hands of the defendant and *Burk*, he would not interfere, and had no objection to it. The defendant went to *New-Orleans*, and returned again to *New-York* in *November*, 1806, where he delivered to *Main* an account, dated the 7th *October*, 1806, and signed for himself and *Burk*, in which *Main* was credited the sum of 989 dollars and 50 cents, and after deducting charges for advice, postage and commissions, they admitted a balance in their hands of 877 dollars and 36 cents, to answer

the attachment laid by the plaintiff against *Main.* He, at the same time, told *Main* that he had the money or property, but which the witness did not recollect, but when he was in *New York* before, he said that a part of the property of *M'Cullock,* which had been attached, was sold on a credit. The present suit, which was commenced in *December,* 1806, was brought to recover the balance stated in the account as due to *Main* from the defendant, and held by him to the use of the plaintiff. *Donaldson* and *Main* both declared that they had no claim on the money in the hands of the defendant; that it belonged exclusively to the plaintiff, and that they had no concern in the attachment issued by him, which was prosecuted solely for his benefit.

The account above mentioned was also proved, and read in evidence to the jury. No witnesses were produced by the defendant.

The judge charged the jury, that the plaintiff was entitled to recover the balance stated in the account, with interest. The defendant's counsel insisted, that the defendant was entitled to a deduction of a commission on the amount; and the judge told the jury that the defendant ought to have produced some proof as to the commissions, and not leave it to conjecture ; but if they thought him entitled to a commission, and could take upon themselves to ascertain the amount, they might allow what they thought proper. The jury found a verdict for the plaintiff for the balance, as stated in the account between the defendant and *Main,* with interest.

The defendant moved to set aside the verdict.

*J. Radcliff,* for the defendant. 1. *Donaldson* and *Main* were incompetent witnesses. Both were interested, as the effect of the recovery in this case is to discharge their responsibility to the plaintiff, to the amount recovered. *Main* was particularly interested to establish this fund, in the hands of the defendant, arising from the attachment against *M'Cullock.* This is not the case of an agent or factor, who may be a witness, from necessity, or because his interest is balanced between the parties. Here the principal himself is

produced to fix the responsibility of his agent, and charge him with a certain amount.

2. The rights of the parties must be taken as they stood at the time the suit was commenced. It does not appear that, in *December*, 1806, the money under the attachment was actually received by the defendant. Some of the property attached was not sold, and the residue had been sold on a credit ; but whether the money was in the hands of the defendant was not proved.

3. But admitting that the defendant had received the money, the plaintiff has not established his right to it, for he has not shown that there has been any decision on the attachment issued by him ; and until that is done, he cannot have a right to the property attached, or its proceeds.

4. As agents or factors, the defendant was entitled to a commission or compensation for his services, which ought to have been allowed by the jury.

*Slosson* and *Johnson*, contra. 1. A person who is liable to one or other of the parties, which ever way the cause is decided, is a competent witness ; for his interest being exactly balanced, he stands indifferent. The interest which renders a witness incompetent must be a direct, certain, and preponderating interest.* For whatever money is taken by this action, from the fund of *Main*, in the hands of the defendant, *Donaldson* would be liable for. *Main* would have a legal claim, *pro tanto*, against him. His interest, therefore, was balanced ; what he might gain on one side, he would lose on the other. *Main* stands equally indifferent. If the plaintiff should recover, it is true, he would be credited to the extent by *Donaldson & Co.* on account of the bill, but he would be a loser of the same sum, it being his money in the hands of the defendant as his agent.

* *Ilderton v. Atkinson*, 7 *Term Rep.* 480. *Evans v. Williams, ibid. in notes*, 481. *Best v. Kershaw*, 2 *East*, 458. *Milward v. Hallett*, 2 *Caines* 77. 2 *Johns. Rep.* 394.

2. The account exhibited by the defendant before the suit was commenced, is an express admission that he has the money in his hands, and it is proved that in *January*, 1806, he authorised *Main* to draw on him for the amount, though he had not received the whole.

ALBANY,
February, 1809.

M'Leod
v.
Johnston.

3. The account delivered by the defendant in *November*, 1806, substantially admits the fact, that the attachment in *New-Orleans*, by the plaintiff, had been decided in his favour. Besides, *Main* expressly relinquished all claim to the money, and admitted the debt due to the plaintiff, for which the attachment was brought.

If the testimony of *Donaldson* and *Main* should be rejected, yet the account exhibited by the defendant, is sufficient to charge him with so much money received to the use of the plaintiff.

4. The defendant ought to have proved that he was entitled to a compensation ; as he produced no evidence, the jury were not bound to allow commissions. They were, however, directed to allow commissions, if they thought proper, and it was a fact for the jury to decide.

YATES, J. delivered the opinion of the court. It is a general rule, that the testimony of a witness who might be a gainer or loser by the event of a cause, must be rejected. This interest, however, to produce a disqualification, (*Peake's Evidence*, 93. and 1 *Term Rep.* 163.) must be vested, or certain, and not remote, possible, or contingent. I think *Donaldson's* evidence is of the latter description. His interest is completely neutralized. Whatever amount is recovered in this suit, and credited to his account by the present plaintiff, he is liable for to *Main*, to whom the money received on the attachment belongs, and who of course is liable for his proportion of the debt only, so that no bias can be presumed to exist on the mind of this witness, thus standing perfectly indifferent between the parties.

I must confess that I have doubts as to the competency of *Main*. It is true, as was contended, if the plaintiff recovers, he must be credited to that amount by the *company;* and if he fails, the defendant still continues responsible to him. In this respect his interest may be balanced; but his testimony went also towards a liquidation of his own demand as to the amount recovered on the attachment

ALBANY,
February, 1809.

against *M'Cullock*, by *Johnston* and *Burk*, and to create a fund in the hands of the defendant. On this ground his competency, I think, may be questioned. The amount, however, recovered on this attachment is sufficiently ascertained by the account admitted to have been delivered by the defendant to *Main*, before the commencement of this suit, and by which the sum in the hands of *Johnston* and *Burk* is expressly stated, and from which we have reason to infer that the proceedings on the attachment had terminated, (as nothing to the contrary appears,) and more especially, as there is a specific charge in the account, so rendered to *Main* by the defendant, for commissions, to which he could only be entitled on the actual receipt of the money ; so that without the testimony of *Main*, sufficient appears to enable the plaintiff to recover in this cause. As to the commissions of *5 per cent.* it was his duty to have exhibited this charge properly to the jury ; not having done this, he cannot complain. The court are, therefore, of opinion, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.